IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JUDGE GRIESA

14 CV 8950

Steve Martin )
Olatumbosun Adeagbo )
Wale Ademoye )
Ademola Adesanya )
Adekunle Adesina )
Nadir Ahmed )
Anthony Aigbedion )
David Alexander )
Walter Alexander )
Maria Alfonso )
Kaye Allen )
Anibal Allende )
John Alumoottil )
Fabio Alvarez )
Magalie Amilcar )
Cherise Armstrong )
Derrick Askins )
Creola Atchison )
Cydnee Atwater )
Glenn Bailey )
Benjamins Banks )
Larry Barber )
Cyrlene Barnett )
Aimee Barton )
Duwayne Baugh )
Terry Bayne )
Audrey Belton )
Henrich Benjamin )
Penniellen Bergholz )
Chevelle Bethea )
Jose Bien-Aime )
Rendell Blount )
Liciele Blunte )
Kenneth Boatswain )
Nesha Borrero )
Clarice Brackett )
Kevin Branch )
Howard Brown )
Luis Brown )
Valencia Brown )
Villa Brown )

RECEIVED NOV 10 2014 U.S.D.C. S.D.N.Y.

| | |
|---|---|
| Linda Browne | ) |
| Alton Burton | ) |
| Monique Burton | ) |
| Regina Butler | ) |
| Daralyn Calderon | ) |
| Nora Cameron | ) |
| Morven Campbell | ) |
| Gary Capers | ) |
| Jani Cauthen | ) |
| Artenkah Carswell | ) |
| Jocelynne Chamblin | ) |
| Coran Chang | ) |
| Ultide Charles | ) |
| Yvette Clairjeane | ) |
| Doret Clarke | ) |
| Marvin Clear | ) |
| Suzette Coles | ) |
| Keisha Collins | ) |
| Maria Corporan-Cintron | ) |
| Terry Cox | ) |
| Foster Davis | ) |
| David Diaz | ) |
| Dashrath Dugar | ) |
| Jamie Easton | ) |
| Linda Edwards | ) |
| Hilda Eghardevba | ) |
| Jane Etienne | ) |
| Phillip Ewola | ) |
| Gilbert Ezeofor | ) |
| Franklin Fenton | ) |
| Elnora Fludd | ) |
| Barbara Fogle | ) |
| Regina Franklin-Moore | ) |
| Johanne Gaspard-Joseph | ) |
| Karen Giles | ) |
| Erik Giordano | ) |
| George Glemauel | ) |
| Felicia Gomes | ) |
| Pedro Gomez | ) |
| Ian Gordon | ) |
| Evelyn Goree | ) |
| Larry Graham | ) |
| Karen Haines | ) |
| Jamel Hansen | ) |
| Chitra Harris | ) |
| Howard Harris | ) |

| | |
|---|---|
| Samuel Hartley | ) |
| Acie Heitt | ) |
| Dionne Hendricks | ) |
| Paul Henriques | ) |
| Miguel Henriquez | ) |
| Patrick Henry | ) |
| Antonio Hernandez | ) |
| Suzette Holder | ) |
| Kevin Holt | ) |
| Caleb Hubert | ) |
| Hugh Hughes | ) |
| Deborah Isoor | ) |
| Raynal Jabouin | ) |
| Fabiola Jean-Louis | ) |
| Marie Jean-Louis | ) |
| Natalia Jennings | ) |
| Odetta Jervis | ) |
| Jean Jeudy | ) |
| Dolores Jimenez | ) |
| Milous Johnson | ) |
| Hallie Jones | ) |
| Rochelle Jordan-McInnis | ) |
| Rhonda Jose | ) |
| Jasmine Joseph | ) |
| David Kayode | ) |
| Venus Kellam-Thomas | ) |
| Suzanne Kellar | ) |
| Robert Kerkula | ) |
| Latica Lamar | ) |
| Sabrina Leckey | ) |
| Juliana Liburd | ) |
| Hubert Lindsay | ) |
| Rosa Liriano | ) |
| Melida Mahon | ) |
| Giselle Marks | ) |
| Benjullays Martinez | ) |
| Jacqueline Martins | ) |
| Valentyna Masyk | ) |
| Gladys Mateo | ) |
| Cynthia Matlock | ) |
| Victor Matos | ) |
| Gavin McAulay | ) |
| Maria McBean | ) |
| Joycelyn McBride | ) |
| Thavems McClary-Ellis | ) |
| Peggy McGill | ) |

| | |
|---|---|
| Errol McNaught | ) |
| Steven McNeil | ) |
| Sandra McQueen | ) |
| Victor Mendez-Santoni | ) |
| Amber Miller | ) |
| Avis Miller | ) |
| Farisha Mohammed | ) |
| Loyda Molina-Caldwell | ) |
| Larry Moody | ) |
| Napoleon Morales | ) |
| Steck Morales | ) |
| Rhonda Morgan | ) |
| Shalema Murray | ) |
| Niniola Musib | ) |
| Shonnette Nash | ) |
| Gail Nobles | ) |
| Marlene Occean | ) |
| Chistianah Ogunleye | ) |
| Olateju Ogunremi | ) |
| Felix Okafor | ) |
| Ifeyinwa Okeya | ) |
| Augustine Okopie | ) |
| Miguel Olivo | ) |
| Ladipo Olukogbon | ) |
| Joseph Osazee | ) |
| Julia Pabon | ) |
| Jesse Pender | ) |
| Alecia Philip | ) |
| Robert Phillips | ) |
| Lydia Piker | ) |
| Freddie Porter | ) |
| Azeenaudina Price | ) |
| Connie Rashid | ) |
| Julia Ragin | ) |
| Richard Ramnarine | ) |
| Rajnaline Rampersaud | ) |
| Sheila Ray | ) |
| Wilmot Reedy | ) |
| Mark Richards | ) |
| Tanisha Roach | ) |
| Rafael Rodriguez | ) |
| Patrick Rose | ) |
| Elizabeth Ryan | ) |
| Diane Salley | ) |
| Greg Scott | ) |
| Charles Senu | ) |

| | |
|---|---|
| Maria Serrano           )<br>Gwendolyn Shannon      )<br>Joseph Shola-Philips   )<br>Roberto Shoy           )<br>Damien Sims            )<br>Dmitriy Sirota         )<br>Juanelle Small         )<br>Donna Smith            )<br>Beverly St. Hill       )<br>Donna St. Hill         )<br>Roxanne St. Hill       )<br>Carnell Stevenson      )<br>Germaine Stewart       )<br>Faith Strachan         )<br>Thomas Swann           )<br>Semiramis Taveras      )<br>Maurice Taylor         )<br>Andrea Thomas          )<br>John Thomas            )<br>Tara Thompson          )<br>Isaac Timotheose       )<br>Arit Udoh              )<br>Mercy Ukanwoke         )<br>Janet Vazquez          )<br>Norma Vidal            )<br>Yeudy Villalona        )<br>Mary Vincent           )<br>Vanessa Wallace        )<br>Lynette Ward           )<br>Darrell Watson         )<br>Charles White          )<br>Dionnie Williams       )<br>Doreatha Williams      )<br>Norman Williams        )<br>Richard Williams       )<br>Olin Witt              )<br>Donna Yee              )<br>Lateef Yusuf           )<br>                       )<br>   Plaintiffs,         )<br>                       )<br>v.                     )<br>                       )<br>CITY OF NEW YORK, NEW YORK )<br>                       )<br>   Defendant.          ) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Civil Action No.<br><br>(JURY TRIAL DEMANDED) |

## COMPLAINT

### INTRODUCTION

Plaintiffs, by and through their counsel, the law firms of Woodley & McGillivary LLP and Spivak Lipton LLP for their complaint against the City of New York ("New York City"), state as follows:

### PARTIES

1. Plaintiffs have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b). Such written consents are appended to this Complaint in the attached Appendix. These written consent forms set forth each plaintiff's name and address.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### FACTS

4. Plaintiffs are, and at all times material herein have been, employed by defendant in the Department of Homeless Services ("DHS") in the positions of Community Coordinator, Caseworker, Community Associate, Community Assistant, Fraud Investigator, Associate Fraud Investigator, Assistant Superintendent of Welfare, Superintendent of Adult Institutions, Addiction Counselor, Caseworker or Supervisor I, II or III. Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendant's willful and unlawful violations of federal law complained of herein.

5. Each of the plaintiffs in this action while employed by defendant has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

6. At all times material herein, each plaintiff has worked for the City of New York in the Department of Homeless Services as a Community Coordinator, Caseworker, Community Associate, Community Assistant, Assistant Superintendent of Welfare, Superintendent of Adult Institutions, Fraud Investigator, Associate Fraud Investigator, Addiction Counselor, Caseworker or Supervisor I, II or III.

7. For example, at all times material herein, plaintiff Peggy McGill has worked as a Community Coordinator at the DHS office of Intake & Diversion located at 400-430 East 30th Street, New York, New York 10016. At all times material herein, plaintiff Erik Giordano has worked as a Fraud Investigator at the DHS Prevention Assistance and Temporary Housing (PATH) office located at 151 East 151st Street, Bronx, New York, 10451. At all times material herein, plaintiff Steve Martin has worked as a Community Coordinator at the DHS PATH office located at 151 East 151st Street, Bronx, New York, 10451. At all times material herein, Victor Mendez Santoni has worked as a Supervisor II at the DHS Bellevue Shelter located at 400 East 30th, New York, NY, 100016. At all time material herein, Suzette Coles has worked as an Addiction Counselor at the Kingsboro Star Shelter located at 681 Clarkson Ave., Brooklyn, NY 11203.

8. Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York City has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007,

and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

9. Within the last three years and continuing to date, while employed by defendant in the Department of Homeless Services in the positions of Community Coordinator ("CC"), Caseworker, Community Coordinator, Community Associate, Community Assistant, Fraud Investigator, Associate Fraud Investigator, Assistant Superintendent of Welfare, Superintendent of Adult Institutions, Addiction Counselor, Caseworker or Supervisor I, II or III, plaintiffs' job duties are to work to prevent homelessness, to assist New Yorkers in transitioning from shelter into permanent housing, to assist clients in gaining employment, to connect clients to work supports and other public benefits and to help prepare them for independent living as well as performing various other duties and activities related to serving the citizens of New York City.

10. While working in these positions, plaintiffs routinely work over 40 hours a week. Plaintiffs are scheduled to work 40 hours a week, with one hour each day automatically deducted for meal periods. In addition, plaintiffs routinely work overtime in excess of 5 hours a week such as working beyond their 8 hour shifts for two hours on scheduled work days. Further, plaintiffs work overtime shifts of between 4 and 8 hours on the sixth day of their workweek in those same workweeks and, for those plaintiffs who work at shelters, on occasion, work on their scheduled days off without compensation.

11. Plaintiffs also come into work before the official start time of their shifts and perform work for which they are not compensated. Plaintiffs also work through their one hour meal periods for which they are not compensated. Plaintiffs also are not compensated for time

that they work after the end of their shifts.  However, if plaintiffs are 5 or more minutes late for their shifts, they are docked pay on a minute per minute basis.

12.     For example, plaintiff Peggy McGill routinely works over 40 hours in a workweek. When plaintiff McGill works over 40 hours, defendant fails to properly compensate her for work performed before the official time that her shift starts even when the earlier actual start time is recorded by the defendant's timekeeping system.  Similarly, plaintiff McGill is not compensated for work time performed after the official end time of her shift unless it is pre-approved even if the time she worked after her shift ended is recorded by defendant's timekeeping system. She also is not compensated for work performed during her meal periods. For example, during the week of June 16-22, 2013, plaintiff McGill worked 46 hours and 45 minutes, but was not compensated for one hour of that time. During the week of September 8-14, 2013, plaintiff McGill worked 45 hours and 45 minutes, but was not compensated for 2 hours and 15 minutes of that time. During the week of October 20-26, 2013, plaintiff McGill worked 41 hours and 45 minutes, but was not compensated for 1 hour of this time. During the week of April 13-19, 2014, plaintiff McGill worked 40 hours and 30 minutes, but was not paid for 30 minutes of that time. During these workweeks, plaintiff McGill also performed work during her unpaid meal periods for which she received no compensation.

13.     Plaintiff Erik Giordano routinely works over 40 hours in a workweek. When plaintiff Giordano works over 40 hours, defendant fails to properly compensate him for work performed before the official time that his shift starts even when the earlier actual start time is recorded by the defendant's timekeeping system. Similarly, plaintiff Giordano is not compensated for work time performed after the official end time of his shift unless it is pre-approved even if the time he worked after his shift ended is recorded by defendant's

timekeeping system. He also is not compensated for work performed during his meal periods. For example, during the week of March 31 – April 6, 2013, plaintiff Giordano worked 58 hours and 15 minutes, but was not compensated for 6 hours of that time. During the week of May 25 – May 31, 2014, plaintiff Giordano worked 47 hours and 15 minutes, but was not compensated for 4 hours and 15 minutes of that time. During these workweeks, plaintiff Giordano also performed work during his unpaid meal periods for which he received no compensation.

14.     Plaintiff Steve Martin routinely works over 40 hours in a workweek. When plaintiff Martin works over 40 hours, defendant fails to properly compensate him for work performed before the official time that his shift starts even when the earlier actual start time is recorded by the defendant's timekeeping system. Similarly, plaintiff Martin is not compensated for work time performed after the official end time of his shift unless it is pre-approved even if the time he worked after his shift ended is recorded by defendant's timekeeping system. He also is not compensated for work performed during his meal periods.  For example, during the week of January 5-11, 2014, plaintiff Martin worked 60 hours, but was not compensated for 4 hours of that time. During the week of June 29 to July 5, 2014, plaintiff Martin worked 75 hours and 45 minutes, but was not compensated for 5 hours and 30 minutes of that time. During the week of July 6-12, 2014, plaintiff Martin worked 73 hours and 30 minutes, but was not compensated for 7 hours and 45 minutes of that time. During these workweeks, plaintiff Martin also performed work during his unpaid meal periods for which he received no compensation.

15.     Plaintiff Victor Mendez Santoni routinely works over 40 hours in a workweek. When plaintiff Santoni works over 40 hours, defendant fails to properly compensate him for work performed before the official time that his shift starts even when the earlier actual start time is recorded by the defendant's timekeeping system. Similarly, plaintiff Santoni is not

compensated for work time performed after the official end time of his shift unless it is pre-approved even if the time he worked after his shift ended is recorded by defendant's timekeeping system. He also is not compensated for work performed during his meal periods. For example, during the week of October 30-November 5, 2011, plaintiff Santoni worked 49 hours and 45 minutes, but was not compensated for 1 hour and 30 minutes of that time. During the week of September 16-22, 2012, plaintiff Santoni worked 60 hours and 30 minutes, but was not compensated for 2 hours of that time. During the week of August 11-17, 2013, plaintiff Santoni worked 59 hours and 15 minutes, and was not compensated for 1 hour and 45 minutes of that time. During the week of May 4-10, 2014, plaintiff Santoni worked 77 hours and 45 minutes, and was not compensated for 30 minutes of that time. During these workweeks, plaintiff Santoni also performed work during his unpaid meal periods for which he received no compensation.

16.     Plaintiff Suzette Coles routinely works over 40 hours in a workweek. When plaintiff Coles works over 40 hours, defendant fails to properly compensate her for work performed before the official time that her shift starts even when the earlier actual start time is recorded by the defendant's timekeeping system. Similarly, plaintiff Coles is not compensated for work time performed after the official end time of her shift unless it is pre-approved even if the time she worked after her shift ended is recorded by defendant's timekeeping system. She also is not compensated for work performed during her meal periods. For example, during the week of August 4-10, 2013, plaintiff Coles worked 45 hours and 30 minutes, and was not compensated for 7 hours and 15 minutes of that time. During the week of August 18-24, 2013, plaintiff Coles worked 46 hours and 30 minutes, and was not compensated for 11 hours and 30 minutes of that time. During the week of December 22-26, 2013, plaintiff Coles worked 47

hours and 15 minutes, and was not compensated for 5 hours and 15 minutes of that time. During these workweeks, plaintiff Coles also performed work during her unpaid meal periods for which she received no compensation

17.  The amounts of uncompensated work time that each plaintiff works before the official shift start time and the amount of uncompensated time that each plaintiff works after the end of the official shift end time is captured on defendant's timekeeping system CityTime as "uncompensated hours." The amount of uncompensated time that each plaintiff performs during each plaintiff's meal periods is captured on defendant's computers on which each plaintiff works. Therefore, the amount of uncompensated time each plaintiff has worked in excess of 40 hours a week can be determined through an analysis of defendant's own records and its computers.

18.  Similar to the plaintiffs identified above, each of the other plaintiffs routinely work more than 40 hours in a workweek and are denied compensation during those workweeks for work performed before the official start time of their shifts, during meal periods and after the official end of their shifts. On occasion, plaintiffs also work on scheduled days off without compensation. The precise amount of uncompensated work time each plaintiff performs can also be identified through CityTime and through defendant's computers on which plaintiffs work.

*Nightshift Differential Pay and the Rate At Which Overtime is Paid*

19.  When plaintiffs work in the evenings beyond their regular shift times, they are entitled to receive night shift differential pay of ten percent (10%) of their basic rate of pay. In calculating cash overtime payments for plaintiffs, defendant fails to include night shift differential pay in the regular rate of pay at which overtime is paid to the plaintiffs.

*Payment of Compensatory Time at the Rate of*
*One Hour for One Hour of Overtime Worked*

20.     Plaintiffs who work over 40 hours a week who work what the defendant considers to be "approved overtime" that the defendant classifies to be "voluntary" are paid in compensatory time rather than cash. When the plaintiffs are paid in compensatory time rather than cash for overtime work, they are paid one hour of compensatory time for each hour of overtime that is worked, regardless of whether or not the overtime that has been worked is for work hours in excess of 40 hours a week.

*Late Payment of Overtime Worked*

21.     When plaintiffs are paid for overtime compensation in cash, defendant delays the payment of overtime beyond the next pay period for which the plaintiffs are paid for their regular work hours and in compensatory time for their overtime hours. The delay in payment is done either because the defendant's managerial staff has simply failed to transmit purportedly necessary information to payroll, because defendant simply does not want to incur the cost for budgetary reasons in that particular financial quarter (e.g., when employees' pay exceeds a predetermined cap), or for other reasons that are unrelated to defendant's ability to determine the amount of overtime compensation that is owed to the plaintiffs.

## COUNT I

**FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA**

22.     Plaintiffs hereby incorporate by reference paragraphs 1 through 21 in their entirety and restate them herein.

23. At all times material herein, during those workweeks in which the plaintiffs have worked hours in excess of 40 hours a week, they have performed work activities without compensation before the start of their shifts and after their shifts, all of which is recorded on defendant's timekeeping system CityTime, and also during their meal periods, which is mostly recorded on their assigned computers. Accordingly, as a result of these pay practices, defendant has failed to provide plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

24. Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein. In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of forty hours per week. Defendant has failed to comply with the overtime pay requirements of the FLSA in the manner outlined herein by failing to compensate plaintiffs for work that they have been suffered or permitted to work before the official start time of their shifts, during their uncompensated meal periods and after the official end time of their shifts.

25. As a result of defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the plaintiffs from which the amount of defendant's liability can be ascertained.

26.  Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

27.  Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7 OF THE FLSA

28.  Plaintiffs hereby incorporate by reference paragraphs 1 through 27 in their entirety and restate them herein.

29.  Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions. Defendant has failed to include certain premium payments such as night shift differential pay that are made in addition to employees' regular pay in the regular rates of pay at which overtime pay is calculated for the plaintiffs as required under the law.

30.  Defendant's failure to include night shift differential pay and other forms of additional compensation in plaintiffs' regular rates of pay violate section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b). The failure to include night shift differential pay in plaintiffs' regular rates means that when plaintiffs receive paid overtime for working over 40 hours a week, they are paid at a rate that is below the rate mandated by the FLSA.

31.  As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are

15

unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

32.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

33.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

### COUNT III

### FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS OR EVEN MONTHS AFTER THE OVERTIME HAS BEEN WORKED

34.     Plaintiffs hereby incorporate by reference paragraphs 1 through 33 in their entirety and restate them herein.

35.     The FLSA mandates that overtime compensation be paid on the regular pay day for the period in which such workweek ends. Overtime payments under the Act may not be delayed except as reasonably necessary to compute the amount owned and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106. Defendant has violated these basic principles by delaying plaintiffs' overtime payments for working in excess of 40 hours a week by weeks and in some cases months, with such delay not being reasonably necessary to compute calculating plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments or due to management withholding such payments until the next budgetary quarter.

36. Defendant's failure to pay plaintiffs FLSA overtime pay in a timely manner and its withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

37. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a). Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

38. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

39. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT IV

**FAILURE TO COMPLY WITH THE REQUIREMENT THAT FLSA OVERTIME BE PAID AT THE RATE OF ONE AND ONE-HALF TIMES THE PLAINTIFFS' REGULAR RATES OF PAY AND INSTEAD COMPENSATING PLAINTIFFS WITH STRAIGHT TIME, HOUR FOR HOUR COMPENSATORY TIME**

40. Plaintiffs hereby incorporate by reference paragraphs 1 through 39 in their entirety and restate them herein.

41.     During the times that plaintiffs have worked in excess of 40 hours in a week, defendant has mandated that all "voluntary overtime" be compensated in compensatory time. Defendant has provided compensatory time at the rate of one hour of compensatory time for each hour of "voluntary overtime" worked, and defendant has done so regardless of whether the overtime hours for which it was compensating the plaintiffs were for work in excess of 40 hours a week.

42.     Section 207(o) of the FLSA, 29 U.S.C. § 207(o), permits public agency employers such as defendant to provide compensatory time in lieu of cash overtime to their employees as payment for overtime hours worked, but only provided that certain conditions are met. See 29 U.S.C. § 207(o); 29 C.F.R. §§ 553.20-28. One of the basic requirements is that employees receive compensatory time at the rate of one and one-half hours of compensatory time for each hour of overtime worked. 29 U.S.C. § 207(o)(1). Defendant has violated section 7(o) of the FLSA, 29 U.S.C. §§ 207(o) by failing and refusing to compensate plaintiffs for their overtime work at the rate of one and one-half hours of compensatory time for each overtime hour worked, and instead compensating them at the rate of one hour of compensatory time for each hour of overtime worked.

43.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a). Defendant are under a duty imposed under the FLSA, 29 U.S.C. §

211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

44.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

45.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated their statutory obligations, and deprived each of the plaintiffs of his and her rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award plaintiffs monetary liquidated damages equal to their unpaid compensation;

(d) Award plaintiffs interest on their unpaid compensation;

(e) Award plaintiffs their reasonable attorneys fees to be paid by the defendant, and the costs and disbursements of this action; and

(f) Grant such other relief as may be just and proper.

Respectfully submitted,

_____
Hope Pordy (HP 6253)
SPIVAK LIPTON LLP
1700 Broadway
Suite 2100
New York, N.Y 10019
Phone: (212) 765-2100

_____/s/_____
Gregory K. McGillivary (SSN: 0280)
David Ricksecker (SSN: 8519)
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
*(PRO HAC VICE ADMISSION PENDING)*