LAW OFFICES

# WOODLEY & McGILLIVARY LLP

1101 VERMONT AVENUE, N.W.
SUITE 1000
WASHINGTON, D.C. 20005
TELEPHONE: (202) 833-8855
FAX: (202) 452-1090
E-MAIL: INFO@WMLABORLAW.COM

THOMAS A. WOODLEY
GREGORY K. McGILLIVARY
DOUGLAS L. STEELE
MOLLY A. ELKIN
BALDWIN ROBERTSON
DAVID RICKSECKER
MEGAN K. MECHAK
SARA L. FAULMAN
CHRISTOPHER M. FRANZONI
DIANA J. NOBILE
REID COPLOFF
MICHAEL R. WILLATS
SARA A. CONRATH
ROBIN L.S. BURROUGHS
DONNA K. McKINNON

EDWARD J. HICKEY, JR.
(1912-2000)

November 20, 2015

Honorable Thomas P. Griesa
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:  <u>Martin et al v. City of New York, New York</u>
           Civil Action Number: 14 Civ. 8950 (TPG)

Dear Judge Griesa:

    Plaintiffs write on behalf of both parties to inform the Court that the parties' have agreed to the terms of a settlement agreement concerning the plaintiffs' uncompensated Fair Labor Standards Act (FLSA) overtime in the above-referenced case. The parties have signed a settlement agreement, which is attached. The settlement agreement sets forth the amount of damages that each plaintiff will receive.

    To ensure that this agreement is approved by all of the plaintiffs in this action, the parties respectfully request that your Honor hold a hearing, the purpose of which is to give plaintiffs the opportunity to voice any objections to the agreement, and to inform the Court of their reasons for objecting. Plaintiffs' counsel will be responsible for informing plaintiffs of this hearing, as well as its date and time. Once the hearing is scheduled, Plaintiffs' counsel will need approximately 15 days to inform the plaintiffs of the hearing. The parties are available December 14-16 and 21-23, 2015 for this hearing. Since we must notify the plaintiffs of the date of this hearing beforehand, we would appreciate it being scheduled as soon as possible.

    This is an action brought under the Fair Labor Standards Act to recover unpaid overtime compensation on behalf of 542 current and former employees of the City of New York's Department of Homeless Services (DHS). The complaint was filed on November 10, 2014, and alleged various overtime pay violations under the FLSA such as miscalculation of the regular rate of pay, allegations of unpaid pre-shift and meal period work, late payment of overtime and mispayment of overtime at the straight time rate of pay when compensatory time was paid out. The City asserted various defenses such as that it had made payment of overtime for all hours

The Honorable Judge Thomas P. Griesa
November 20, 2015
Page 2

actually worked, the late payment was the fault of the plaintiffs' untimely submission of overtime requests, and the assertion that plaintiffs working in certain job titles are exempt from the FLSA. The damages were affected significantly by the fact that the plaintiffs are scheduled to work only 35 hours per week whereas the hourly threshold for overtime pay under the FLSA is 40 hours per week. Thus, plaintiffs need to work an extra 5 hours a week or more in order for them to be eligible for FLSA overtime pay, even assuming that the occupy a position that is not an FLSA exempt position.

Under the guidance of Magistrate Judge Andrew J. Peck, the parties have engaged in discovery taking depositions and exchanging documents and payroll information. The parties' expert witnesses engaged in calculations utilizing various damages scenarios to assist in settlement discussions. As reflected in the attached settlement agreement, the parties reached agreement that the plaintiffs will receive $900,000 in backpay, $1,082,000 in liquidated damages, and 4018 hours of compensatory time, which has a value of $182,000 to be spread among the currently employed plaintiffs in an equal dollar amount based on their hourly pay rates.

As reflected in paragraph 2.7 of the agreement, the settlement will be distributed among the plaintiffs based on the number of weeks that each plaintiff has worked for the defendant in one of the relevant positions during the recovery period applicable to that plaintiff. This method is routinely used in FLSA cases involving a variety of different claims wherein the risks concerning whether the plaintiffs' may win are difficult to separately quantify for each claim. This is the same methodology that has been used in other FLSA cases involving complicated off-the-clock claims. *See, e.g., Small v. City of New York*, 1:14-cv-3469(S.D.N.Y. May 15, 2015)(approving settlement as fair, reasonable and adequate agreement settling FLSA claims by NYPD police sergeants where amounts were based on months of eligibility); *Aarons v. City of New York*, 1:09-cv-10138, DE 26 (S.D.N.Y June 15, 2011) (approving as fair, reasonable, and adequate an agreement settling FLSA claims brought by paramedics and emergency medical technicians where settlement amounts were calculated based on employees' months of eligibility); *Conzo v. City of New York*, 1:05-cv-705, DE 630 (S.D.N.Y. June 15, 2011) (same); *Parker v. City of New York*, 1:04-cv-04476, DE 51 (S.D.N.Y. February 1, 2007) (approving as fair, reasonable, and adequate an agreement settling FLSA claims brought by New York City juvenile counselors where settlement amounts were calculated based on employees' months of eligibility); *see also Johnson v. Brennan*, 1:10-cv-4712 2011, U.S. Dist. LEXIS 105775 (S.D.N.Y. Sept. 16, 2011) (approving as fair, reasonable, and adequate an agreement settling FLSA claims brought by restaurant workers which was calculated based on employees' weeks of eligibility during the recovery period). Accordingly, the method of distributing the settlement amounts among the plaintiffs is fair and equitable.

Lastly, the parties are in the process of negotiating the attorneys' fees and costs to be paid to the plaintiffs. The parties request that the Court retain jurisdiction until such time as the parties reach agreement or submit briefing regarding the reasonable attorneys' fees and costs to be paid.

In sum, the parties' settlement is fair, reasonable and adequate and the parties respectfully request that your Honor approve the settlement. In addition, the parties request that your Honor schedule a fairness hearing as soon as possible to permit any plaintiffs who wish to object to the settlement. The parties are available December 14-16 and 21-23, 2015for the fairness hearing.

The Honorable Judge Thomas P. Griesa
November 20, 2015
Page 3

    Thank you for your consideration of our request.

                                    Respectfully submitted,

                                    WOODLEY & McGILLIVARY LLP

                                    Gregory K. McGillivary

cc:    Andrea O'Connor, counsel for defendants (via electronic mail)
       Hope Pordy, Esq.